OPINION. Rice, Judge: The first issue in this proceeding is the factual question as to whether cattle raised or purchased by petitioner, and held for longer than six months before sale were part of his breeding or dairy herd or were held primarily for sale to customers in the ordinary course of business. Petitioner contends that the gain on such sales is taxable at capital gains rates pursuant to section 117 (j) of the Internal Revenue Code.[1] Respondent determined that the gain from the sale of both the raised and the purchased cattle was taxable as ordinary income. With respect to the purchased cattle, the testimony adduced at the trial shows that such cattle were an integral part of petitioner’s herd and were brought into the herd to inject new blood into it. Respondent submitted no evidence to the contrary and, on brief, made no mention of the purchased cattle. It seems clear, and we hold, that the cattle purchased by petitioner, held for more than six months, and sold in 1946 were held by petitioner primarily for breeding and milk producing purposes and the gain from their sale is taxable at capital gains rates. Albright v. United States (C. A. 8, 1949), 173 F. 2d 339. With respect to the cattle raised by petitioner, held for more than six months, and sold in 1946, the case of Walter S. Fox, 16 T. C. 854 (1951), is determinative. Of the 138 animals sold in 1946 which had been raised on petitioner’s farm, entered into the herd book, and held for more than six months, at least 83 and possibly a greater number were never actually incorporated into petitioner’s herd. These 83 animals comprised the bull calves and young bulls that were disposed of in that year. While there was always the possibility that any individual bull calf might ultimately become a part of petitioner’s breeding herd, it is obvious that most of the bull calves born would be sold whether they were good enough for petitioner’s herd or not. During the year 1946, only 15 breeding bulls were a part of petitioner’s herd. About 20 bulls were leased out at that time to various breeders in order to determine the caliber of their progeny. About 100 bull calves were born each year and it is apparent that petitioner never expected or intended to incorporate into his breeding herd all bull calves born on the farm. Applying a formula similar to that used in the Walter S. Fox case supra, we conclude that, with respect to the raised cattle, only those over 24 months of age when sold are to be considered as having been part of the herd. The remainder of the raised cattle which were sold in 1946 (24 months of age or less) were held primarily for sale to customers in the ordinary course of petitioner’s trade or business and the proceeds "from such sales are not entitled to capital gains treatment under section 117 but must be reported as ordinary income. The respondent argues that, since petitioner operated at a loss for each year from 1938 to and including 1946, whether section 130 applies to petitioner depends on the amount of income which is includible in “gross income” as that term is used in section 130 (a) of the Code.[2] He states that the question is also whether any part of the gain realized from the sale of cattle as capital gain is “derived from” a trade or business carried on by the taxpayer, and, in making the recomputation under such section, whether any part of such gain is “attributable to” the trade or business. He concedes that section 130 does not apply if the total gain on the sale of cattle is includible in gross income for the purpose of determining the amount of the loss for each year of the 5-year period required by the section. Respondent states in his brief: Petitioner has argued that he is in the dairy business or the business of producing mill!:. Under this theory it would seem that none of the gain realized from the sale of cattle which is taxable as capital gain is to be included in gross income “derived from” or “attributable to” petitioner’s trade or business. The additional deficiency asserted in the amended answer is predicated on this theory. In any event, it is respondent’s position that inasmuch as [if] under Section 117 (3) only one-half of the income derived from the sale of certain animals is subject to tax then this lesser amount is to be used in determining petitioner’s net income under Section ISO. In support of his alternative position respondent cites United States v. Benedict, 338 U. S. 692 (1950), and Emma B. Maloy, 45 B. T. A. 1104 (1941). However, because of our decision on the first issue (that petitioner realized both ordinary income and capital gain on the sale of animals) and because the record does not show that the loss sustained by petitioner (on the basis of such decision) exceeded by more than $50,000 the gross income derived from his trade dr business in 1946 and each of the four preceding years, section 130 has not been shown to be applicable and on this issue we hold for petitioner. Decision will he entered under Rule 50. Sec. 117 (j). Gains and Losses from Involuntary Conversion and from the Sale or Exchange of Certain Property Used in the Trade or Business.— (1) Definition of Property Used in the Trade or Business. — For the purposes of this subsection, the term “property used in the trade or business” means property used in the trade or business, of a character which is subject to the allowance for depreciation provided in section 23 (1), held for more than 6 months, and real property used in the trade or business, held for more than 6 months, which is not (A) property of a kind which would properly be includible in the inventory of the taxpayer if on hand at the close of the taxable year, or (B) property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business. * * * SEC. 130. LIMITATION ON DEDUCTIONS ALLOWABLE TO INDIVIDUALS IN CERTAIN CASES. (a) Recomputation of Net Income. — If the deductions (other than taxes and Interest) allowable to an individual (except for the provisions of this section) and attributable to a trade or business carried on by him for five consecutive taxable years have, in each of such years, exceeded by more than $50,000 the gross income derived from such trade or business, the net income of such individual for each of such years shall be recomputed. For the purpose of such recomputation in the case of any such taxable year, such deductions shall be allowed only to the extent of $50,000 plus the gross income attributable to such trade or business, except that the net operating loss deduction, to the extent attributable to such trade or business shall not be allowed.